**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**

**PATRICIA G. MARSHALL f/k/a**
**PATRICIA G. LENNARTZ,**

     **Defendant.**                    **Case No.  06-cv-190-DRH**

**JUDGMENT AND ORDER**
**DIRECTING SALE OF MORTGAGED PROPERTY**

**Herndon, District Judge:**

On March 2, 2006, the United States of America (" USA") commenced the above-captioned mortgage foreclosure suit against .  The parcel of property in question is located in Dow, Illinois, which lies within this Judicial District. Defendant was properly served herein but failed to move, answer, or otherwise plead in response to the complaint.  Based on that failure, the USA secured the Clerk's entry of default on September 7, 2006, pursuant to Federal Rule of Civil Procedure 55(a).

Now before this Court is the USA's motion for default judgment under Rule 55(b).  Having carefully reviewed the record, the Court **GRANTS** the motion for default judgment (Doc. 12), after **FINDING** as follows:

    1.   This Court has jurisdiction of the parties to and subject matter of this suit.  Defendant was properly served and having failed to answer or otherwise

enter any appearance herein is  properly defaulted.

   2.   The USA, acting through the Rural Housing Service or successor agency, United States Department of Agriculture, made a loan to Carl A. Price and Mildred J. Price, secured by a mortgage dated March 12, 1974 (Exh. A to Complaint), in the total principal amount of $17,900.00.   The mortgage was recorded on March 12, 1974 in Cabinet D, Drawer 2, Page 101 as document number 17136 in Jersey County, Illinois.  The loan is evidenced by a promissory note dated March 12, 1974 (Exh. E).  This indebtedness was assumed by Patricia G. Marshall f/k/a Patricia G. Lennartz on September 28, 1978 (Exh. F).  In addition, Patricia G. Marshall f/k/a Patricia G. Lennartz signed a mortgage on September 28, 1978 in the amount of $15,100.00 which mortgage was recorded on September 29, 1978 in Cabinet D, Drawer 8, Page 1734 as document number 6058 in Jersey County, Illinois (Exh. B).   Also, Patricia G. Marshall f/k/a Patricia G. Lennartz signed a mortgage on July 25, 1979 in the amount of $2,500.00 which mortgage was recorded on July 25, 1979 in Cabinet D, Drawer 9, Page 1808 as document number 8945 in Jersey County, Illinois (Exh. C).  The previous three mortgages were all reamortized by a mortgage dated April 12, 1992 and recorded April 13, 1992 in Book 418, Page 209 as document number 0025121 in Jersey County, Illinois (Exh. D). Patricia G. Marshall f/k/a Patricia G. Lennartz, defaulted on the note.  On March 5, 2004, the USA acting through the Rural Housing Service or successor agency, United States Department of Agriculture, issued a notice of acceleration (Exh. I).

   3.   The following person may have claimed an interest in the above

described property, but is foreclosed from asserting her claim, if any, because of her

default in this action:  Patricia G. Marshall f/k/a Patricia G. Lennartz.

      4.  By virtue of the mortgage and indebtedness thereby secured, the

USA has a valid and subsisting lien as follows:

> Common address: 15948 Alva Street, Dow, Illinois  62022
>
> Lots 6 and 7 in Block 8 of McDow's First Addition to the
> Town of Dow, situated in the County of Jersey and State of
> Illinois.

      5.  By virtue of the mortgage and the indebtedness thereby secured,

as alleged in the complaint, the following amounts are due to the USA:

(a)    U.S. Attorney's docket and recording fees  . . . . . .  $290.00

    U.S. Marshals costs for service of summons  . . . .  $195.00

    Postage    . . . . . . . . . . . . . . . . . . . . . . . . . . .  $   5.43

    Title expenses  . . . . . . . . . . . . . . . . . . . . . . . . . .  $242.00

    TOTAL    . . . . . . . . . . . . . . . . . . . . . . . . . . .  $732.43

(b)    For the use and benefit of the USA, holder of the note secured by
the mortgage aforesaid, but subject and subordinate to the lien
for payment of the items mentioned in subparagraph (a) of this
paragraph:

    Unpaid principal balance . . . . . . . . . . . . . . . .  $30,535.39

    Accrued interest at $6.9734 per day due and
    unpaid as of June 6, 2007 . . . . . . . . . . . . . . .  $  7,929.53

    Total amount due USA as of June 6, 2007,
    exclusive of foreclosure costs . . . . . . . . . . . .  $38,464.92

(c)    In addition, the USA may be compelled to advance various sums
of money in payment of costs, fees, expenses and disbursements
incurred in connection with the foreclosure, including, without
limiting the generality of the foregoing, filing fees, stenographer's

fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, certificates, foreclosure minutes and a title insurance policy.

(d)     Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged property, and the USA is entitled to recover all such advances, costs, expenses, and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

(e)     In order to protect the lien of the mortgage, it may or has become necessary for USA to pay taxes and assessments which have been or may be levied upon the mortgaged property.

(f)     In order to protect and preserve the mortgaged property, it may also become necessary for the USA to make such repairs to the property as may reasonably be deemed for the proper preservation thereof.

(g)     Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

6.     Jersey County, Illinois, has a valid lien on the above-described property for tax for the year 2006, and the property will be sold subject to the interest of Jersey County, resulting from taxes, general or special, which are a valid lien against the  property.

Accordingly the Court **GRANTS** the USA's motion for default judgment (Doc. 12). **JUDGMENT IS HEREBY ENTERED** against Patricia G. Marshall f/k/a Patricia G. Lennartz, for **$39,197.35**.  Unless Patricia G. Marshall f/k/a Patricia G. Lennartz and her assigns and successors in interest to the above-described property

pay to the USA, acting through the Rural Housing Service or successor agency, United States Department of Agriculture, within three days from the date of this Judgment and Order Directing Sale of Mortgaged Property is entered on the docket, the sum of $39,197.35 with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the property described in paragraph 4 of this Judgment and Order Directing Sale of Mortgaged Property **SHALL BE SOLD AT PUBLIC SALE** to the highest bidder for 10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owing to Jersey County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the Jersey County Courthouse in the City of Jerseyville, Illinois.

The property shall be sold free and clear of any claimed lien of Patricia G. Marshall f/k/a Patricia G. Lennartz .

The United States Marshal for the Southern District of Illinois give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph 4 of this Judgment and Order Directing Sale of Mortgaged Property to be sold, by previously publishing the same once each week for three consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale.  The United States Marshal may adjourn the sale so advertised by giving public notice by proclamation.

The USA or any party to this case may become the purchaser or purchasers at such sale.  Upon the sale being made, the United States Marshal shall

execute and deliver to the purchaser or purchasers a certificate of purchase, which certificate shall be freely assignable by endorsement thereon.

The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential property is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILL. COMP. STAT 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The redemption period shall end at the later of the expiration of any reinstatement period provided for in 735 ILL. COMP. STAT. 5/15-1602 or the date 60 days after the date the Judgment and Order Directing Sale of Mortgaged Property of foreclosure is entered since the value of the mortgaged property as of the date of the Judgment and Order Directing Sale of Mortgaged Property is less than 90% of the amount due, and the mortgagee waives any and all rights to a personal deficiency judgment against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage.

Out of the proceeds of sale, the United States Marshal shall retain his disbursements and fees.  Out of the remainder of the proceeds, he shall pay to the

USA $39,197.35, together with lawful interest to be computed thereon to the date of this Judgment and Order Directing Sale of Mortgaged Property and any court costs of this action.

The United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his report of sale to this Court.  If the property shall sell for a sum more than sufficient to make the aforesaid payments, then after making the payments, the United States Marshal shall bring any surplus monies into Court without delay for further distribution by order of this Court.

From the date of entry of this Judgment and Order Directing Sale of Mortgaged Property through the 30th day after a foreclosure sale is confirmed by this Court, the mortgagor shall be entitled to retain possession of the above-described property.

After the 30th day the foreclosure sale is confirmed, the holder of the Certificate of Sale **shall be entitled to immediate possession of the property**, upon payment of the sale purchase price, without notice to any party or further order of Court.  The mortgagors shall peaceably surrender possession of the property to the certificate holder immediately upon expiration of the 30-day time period.  In default of mortgagor so doing, an Order of Ejectment shall issue.

Upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the Certificate of Sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which

judgment was entered authorizing issuance of the deed.  Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this Judgment and Order Directing Sale of Mortgaged Property, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but the deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the property, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto.  The conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

If the monies from the sale are insufficient to pay sums due to the USA with interest after deducting the costs, the United States Marshal shall specify the amount of the deficiency in his report.

The Court **RETAINS JURISDICTION** over the subject matter and the parties hereto for the explicit purpose of enforcing this Judgment and Order Directing Sale of Mortgaged Property and the United States Marshal shall report his actions to this Court at the earliest possible time.

**IT IS SO ORDERED**.

Signed this 24th day of July, 2007.

/s/        David  RHerndon
**United States District Judge**